Wang v. Holder

BIA
Sichel, IJ
A088 527 745

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand fourteen.

PRESENT:
            ROBERT A. KATZMANN,
                *Chief Judge,*
            RICHARD C. WESLEY
            GERARD E. LYNCH,
                *Circuit Judges.*

_____

ZHAOLIN WANG,
            *Petitioner,*

     v.                         13-2539
                                         NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONER:        Guang Jun Gao, Esq., Flushing, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; John W. Blakeley, Senior Litigation Counsel; David Schor, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhaolin Wang, a native and citizen of China, seeks review of a June 6, 2013, decision of the BIA affirming the August 3, 2012, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhaolin Wang*, No. A088 527 745 (B.I.A. Jun. 6, 2013), *aff'g* No. A088 527 745 (Immig. Ct. N.Y.C. Aug. 3, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the BIA's decision, and assume Wang's credibility. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because Wang does not allege past harm, he has the burden to prove that he has an objectively reasonable, well-founded fear of future persecution. 8 U.S.C. § 1101(a)(42); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178

2

(2d Cir. 2004). The applicant must make some showing that the government is aware or is likely to become aware of the activities that he alleges will lead to persecution. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

Although an alien's testimony alone may be enough to establish a fear of future persecution, the agency may require corroboration of even credible testimony. 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C). "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4). The agency's determination that a particular piece of corroborating evidence is available to the applicant (and thus whether it should "reasonably be expected") is a finding of fact to which this Court defers under the substantial evidence standard. *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 563, 568 (2d Cir. 2006); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii).

We find no error in the agency's determination that Wang failed to establish a well-founded fear of future persecution. Wang's fear is based on his political activity

3

in the United States on behalf of the Chinese Democracy and Justice Party ("CDJP"). Wang testified before the agency, and argues here, that he believes the Chinese government is aware of his political activities, and provided two explanations for his belief, neither of which is compelling.

First, he asserted that, because he had published various articles and engaged in various public protests, the Chinese government would reasonably be expected to be aware of his activities. However, it cannot be said that, based upon this speculation alone, any reasonable factfinder would be compelled to conclude that he faced a well-founded fear of future persecution. *Cf.* 8 U.S.C. § 1252(b)(4)(B); *Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that, absent solid support in the record, a petitioner's fear is "speculative at best"). Instead, the BIA reasonably concluded that "the evidence does not demonstrate that his activities have been sufficiently visible or notable to come to the attention of Chinese authorities." Pet'r Special App'x 4.

Second, he claimed that his wife was visited by Chinese police, who asked her to warn Wang to cease his activities on behalf of the CDJP. He did not provide a letter from his

4

wife to corroborate this claim, purportedly because his wife was afraid to help him.  This explanation, however, does not suffice to demonstrate that the corroborating evidence is unavailable, within the meaning of § 1252(b)(4), particularly given that Chinese authorities allegedly told Wang's wife to communicate with him.  *Cf. Yan Juan Chen v. Holder*, 658 F.3d 246, 252-53 (2d Cir. 2011)(deferring to an IJ's conclusion that an alien was required to present her husband as a witness to corroborate her claim).

Furthermore, Wang's argument that he lacked reasonable notice that he should submit such a letter is meritless. The agency may not deny an alien's claim for asylum for lack of corroboration without first providing the alien notice of what corroboration is necessary and an opportunity to cure the deficiency.  *Ming Shi Xue v. BIA*, 439 F.3d 111, 122 (2d Cir. 2006) ("This notice requirement . . . was designed not only to guard against arbitrary and excessive requests by an IJ, but also, and equally importantly, to guarantee applicants an opportunity to remedy the supposed evidentiary gap." (citation omitted)).  But, an IJ is not obliged to do so prior to rendering a decision on the application. *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009)("But though we require an IJ to specify the points of testimony that

5

require corroboration, we have not held that this must be done *prior* to the IJ's disposition of the alien's claim.").

Here, the IJ properly identified, in its decision, the deficiency it perceived in Wang's evidence, to wit, the lack of a letter or other statement from his wife, and expressly found that such evidence was available to him.  Moreover, even assuming that the IJ was required to provide some notice that it expected this letter to be produced, it satisfied that obligation.  At the January 2012 hearing at which Wang testified regarding his wife's interactions with the police, the IJ asked whether a letter from Wang's wife was available.  Wang was then given an additional opportunity at the final hearing, eight months later, to submit additional evidence, but declined to do so.

For the foregoing reasons, the petition for review is DENIED, and Wang's motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6